```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 17-CV-61366-SCOLA
                              MAGISTRATE JUDGE P. A. WHITE
```

BENJAMIN COFFIELD,              :

    Plaintiff,              :

                                                 **PRELIMINARY**

                                                 **REPORT OF**

v.                              :    **MAGISTRATE JUDGE**

BROWARD COUNTY JAIL, et al.,   :

                                               :

    Defendants.

## I. Introduction

The plaintiff, Benjamin Marice Coffield, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983 for damages and other relief regarding incidents which occurred at Broward County Main Jail ("BCMJ"). (DE#1).

He previously filed a motion to proceed *in forma pauperis,* which was granted by court order without requiring that plaintiff prepay the filing fee, but establishing a $350.00 debt. (DE#3,4). Because plaintiff is a prisoner seeking redress against governmental entities, employees, or officers, his complaint is subject to screening under 28 U.S.C. §1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. See 28 U.S.C. §1915A; Thompson v. Hicks, 213 Fed.Appx. 939, 942 (11th Cir. 2007)(*per curiam*).

Moreover, pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(*per curiam*), but the Court may review plaintiff's complaint and dismiss the complaint, or any part

thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. §1915A.

This Cause is presently before the Court for initial screening of the complaint (DE# 1) pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding *in forma pauperis*.

## II. Analysis

### A. Standard of Review

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings *in Forma Pauperis*
>
> \* \* \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> \* \* \*
>
> (B) the action or appeal –
>
> \* \* \*
>
> (I)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

Because plaintiff is currently confined in prison and has

2

sought and been granted leave to proceed *in forma pauperis*, the Prison Litigation Reform Act requires that the court review all complaints against governmental officers and entities to determine whether the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(A)(a), (b)(1), (b)(2).

In essence, §1915(A) is a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing the complaint, the court views all allegations as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Complaints that lack any arguable basis in law or fact, nonetheless, may be dismissed. Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," Id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).

Dismissals for failure to state a claim are governed by the same standard as Fed.R.Civ.P. 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Fed.R.Civ.P. 12(b)(6)"). Thus, a court may dismiss a complaint if the facts as pleaded do not state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1968-69, 167 L.Ed.2d 929 (2007)(abrogating Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Additionally, the court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim. Marsh v. Butler

County, Ala., 268 F.3d 1014, 1022 (11th Cir.2001).

In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979)(quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an

4

entitlement to relief."  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

### B. Facts Set Forth in the Complaint

The plaintiff names the following defendants: United States Classification and United States Broward Sheriff's Office Classification Department. (DE# 1:1).

The plaintiff alleges the following facts. The defendants in the BCMJ are violating the "Florida Model Jail Standard" by placing him in 23-hour lock down everyday for four weeks.  As a result, he is having mental health issues. He appears to allege that this one-month period of lock down occurred right before he filed the complaint. (Id.:2).

The Plaintiff seeks $500,000 in damages or $200,000 and a dismissal of the state charges pending against him. (Id.).

### III. Analysis

A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 290, 166 L.Ed.2d 798 (2007). "Section 1983 creates no substantive rights; it merely provides a remedy for deprivations of federal statutory and constitutional rights." Almand v. DeKalb

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

County, Ga., 103 F.3d 1510, 1512 (11th Cir. 1997)(citation omitted). Further, §1983 is not meant to replace state tort law, it is only meant to provide a remedy for violations of federally protected rights. Id. at 1513 (citing Baker v. McCollan, 443 U.S. 137, 145-146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979)). A successful §1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." See Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001).

As previously noted, to state a viable claim for relief in a 42 U.S.C. §1983 action, the conduct complained of must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution. American Manufacturers Mutual Ins. Co. v. Sullivan, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); Willis v. University Health Serv's, Inc., 993 F.2d 837, 840 (11th Cir. 1993).

### Due Process Claim

Construed liberally, Plaintiff suggests that the named Defendants violated his civil rights under the Fourteenth Amendment's Due Process Clause when they placed him in confinement for four weeks, 23-hours a day.

The Fourteenth Amendment prohibits any state from depriving a person of life, liberty, or property without due process of law. See U.S. Const. amend. XIV, sec. 1. Life and property are not at issue here, therefore, plaintiff is entitled to due process only if he was deprived of "liberty" within the meaning of the Fourteenth

Amendment. See Kirby v. Siegelman, 195 F.3d 1285, 1290 (11th Cir. 1999). A liberty interest protected by the Fourteenth Amendment may arise from the due process clause itself, or a state may create a liberty interest. See Sandin v. Connor, 515 U.S. 472, 483-484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); Al-Amin v. Donald, 165 Fed.Appx. 733, 738 (11th Cir. 2006). In the prison context, a liberty interest may arise from the due process clause itself where the conditions of confinement create an "atypical and significant hardship on the inmate in relation to the ordinary conditions of prison life." Id.

A prisoner does not have an inherent constitutional right to be free from confinement in segregation. See Sandin, 515 U.S. at 487; see also, Al-Amin, 165 Fed.Appx. at 738. However, a prisoner has a liberty interest related to his confinement in segregation only if the state has created a liberty interest, but courts are required to look to the nature of the conditions of that confinement in relation to the ordinary incidents of prison life, and not to the language of the regulations regarding those conditions. Sandin, 515 U.S. at 484, 487; Wallace v. Hamrick, 229 Fed.Appx. 827, 830 (11th Cir. 2007); see also Magluta v. Samples, 375 F.3d 1269, 1282 (11th Cir. 2004) (recognizing a "new Sandin standard," under which there is "no liberty interest and no constitutional violation...if the Sandin 'atypical and significant hardship' standard [is] not met."). Courts should also consider the duration of the confinement in segregation in determining whether the confinement constitutes an atypical and significant hardship. See Al-Amin, 165 Fed.Appx. at 738; see also Williams v. Fountain, 77 F.3d 372, 374 (11th Cir. 1996).

Plaintiff's allegations fail to show that his classification and the ensuing administrative segregation upon his arrival at the

7

BCMJ amounts to such a dramatic departure from the ordinary incidents of prison life to create a liberty interest entitling plaintiff to due process. See Al- Amin v. Donald, 165 Fed.Appx. 733 (11th Cir. 2006)(unpublished) (inmate's original placement in administrative segregation for six (6) months and reassignment six (6) months later for continued confinement in administrative segregation did not unexpectedly exceed his sentence in a manner that would evoke the protections the Due Process Clause); Pray v. Brown, 2006 WL 1653352, at *9 (N.D.Fla. June 6, 2006)(60-day administrative confinement "cannot show deprivation of a protected liberty interest"); Beverati v. Smith, 120 F.3d 500, 504 (4th Cir. 1997) (no liberty interest implicated as to six (6) months of administrative segregation); Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir. 1996) (inmate's placement and continued confinement in administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for a constitutional claim"). Even if, alleged here, confinement for a month gave rise to a liberty interest, confinement in segregation, even for a much longer period, does not necessarily constitute an atypical and significant hardship giving rise to a liberty interest. Compare Williams, 77 F.3d at 374, n.3 (liberty interest assumed to be created by one year of solitary confinement), with Al-Amin, 165 Fed.Appx. at 738 (no liberty interest created by confinement in segregation for three years). As such, Plaintiff's segregation at the BCMJ for four weeks, under conditions that are not a dramatic departure from ordinary incidents of prison life, does not constitute an atypical and significant hardship which entitled plaintiff to due process.

Further, plaintiff has not alleged, let alone demonstrated, that his administrative segregation subjected him to harsher conditions than other convicted felons or pretrial detainees housed

in like conditions at the BCMJ. While it appears Plaintiff would have preferred placement in the general population, his preference ignores the well-settled legal principle that inmates have no protected liberty interest in a particular custody classification. See Matthews v. Moss, 506 Fed.Appx. 981, 983 (11th Cir. 2013). Moreover, Plaintiff has not demonstrated that the named Defendants placed him in administrative segregation "for the purpose of punishment." See Kibwika v. Broward County Sheriff's Office, 453 Fed.Appx. 915, 919 (11th Cir. 2012). Finally, the Supreme Court, addressing the issue of an inmate's confinement in administrative segregation, has noted that "[i]t is plain that the transfer of an inmate to less amenable and more restrictive quarters for non-punitive reasons is well within the term of confinement ordinarily contemplated by a prison sentence." Hewitt v. Helms, 459 U.S. 460, 468, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983), receded from on other grounds by Sandin, 515 U.S. at 481 (concluding that the focus of the liberty interest inquiry should be on the nature of the deprivation rather than on the language of the state prison regulation).

Under the facts presented here, Plaintiff has failed to set forth a plausible due process claim with regard to his placement in administrative segregation. See Sandin, 515 U.S. at 487; Al-Amin, 165 Fed.Appx. at 738. Accordingly, his claim concerning his placement in administrative segregation should be dismissed because he has not provided sufficient information to go forward on a due process, liberty interest claim. See, e.g., Sandin, 515 U.S. at 487, 115 S.Ct. 2293; see also Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999); see also Wilkinson v. Austin 545 U.S. 209, 221, 125 S.Ct. 2384, 162 L.Ed. 2d 174 (2005)(noting that it "need reach the question of what process is due only if the inmates establish a constitutionally protected liberty interest...His cursory

statements that his was deprived of phone privileges, albeit temporarily or access to his attorney, without specifics is insufficient to support a constitutionally protected liberty interest, and as such, he has failed to state a claim for Due Process violation under the Fourteenth Amendment.).

### B. Respondeat Superior/Monell Claim

To the extent Plaintiff is suing either defendant in a supervisory capacity over the Broward County Main Jail, his claim also fails. Plaintiff has not demonstrated that his alleged injuries resulted from an official custom, policy, or practice implemented or otherwise enforced by either defendant. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Mandel v. Doe, 888 F.2d 782 (11th Cir. 1989). The plaintiff bears the burden of establishing a causal link between a government policy or custom and the injury which is alleged. Byrd v. Clark, 783 F.3d 1002, 1008 (11th Cir. 1986)(citing Monell, supra). See also Ashcroft v. Iqbal, supra. (Heightened pleading standard for supervisory liability). No such showing has been made.

Boilerplate allegations of policy or custom, without supporting facts, are insufficient to sustain a §1983 claim. See Hossman v. Blunk, 784 F.2d 793 (7 Cir. 1986); Gutierrez v. City of Hialeah, 723 F.Supp. 1494 (S.D. Fla. 1989). Here, no valid Monell claim[2] as to the defendants has been alleged, much less

---

[2]In Monell, the Supreme Court held that municipal entities, like the Sheriff's Office or the FDOC, cannot be held liable under a theory of vicarious liability or respondeat superior. Monell v. Department of Social Services, 436 U.S. 658 (1978); see also, Vineyard v. County of Murray, Georgia, 990 F.2d 1207 (11 Cir. 1993). The only theory under which a governmental entity can be held liable under section 1983 is when the unlawful conduct, which caused the injuries, constitutes an official policy or custom. Id. 694. No such allegations
(continued...)

10

demonstrated. As such, the complaint fails to state sufficient facts to make it even remotely plausible that the Defendants can be held liable under the applicable legal standards. See Monell, 436 U.S. at 690-91; Twombly, supra.

## V. Conclusion

Based on the foregoing, it is recommended that, at this preliminary stage: The claims be dismissed as to all defendants, pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

Dated this 20th day of July, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2](...continued)
have been made here. The Amended Complaint currently fails to demonstrate a Monell violation. Thus, plaintiff fails to provide sufficient allegations to make a claim for relief against the Sheriff's Office or the FDOC, and therefore, the they should be dismissed from this action.

```
cc:   Benjamin Marice Coffield, Pro Se
      551600001
      Broward County Main Jail
      Inmate Mail/Parcels
      Post Office Box 9356
      Fort Lauderdale, FL 33310
```